IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEGHENY ENTERPRISES, INC. | : : : | Case No. 4:10-cv-02539 |
| Plaintiffs | : : | |
| v. | : : : | (Judge Brann) |
| ENDEAVOUR OPERATING CORPORATION, | : : : | |
| Defendant. | : | |

**MEMORANDUM**
November 6, 2014

Before the Court is Plaintiff Allegheny Enterprises, Inc.'s Motion in Limine (ECF No. 101) and Motion to Withdraw the Motion in Limine (ECF No. 107). For the reasons that follow, the Plaintiff's Motion in Limine is denied in part and granted in part, and the Motion to Withdraw the Motion in Limine is granted.

**I.    BACKGROUND**

The Court writes for the Parties, who are familiar with this case; therefore, the Court reiterates only the salient facts and procedural history in brief. This case was removed to this Court on December 15, 2010. The Court's basis for jurisdiction is the Parties' diverse citizenship. See 28 U.S.C. § 1332.

On August 17, 2012, Plaintiff Allegheny Enterprises, Inc. (hereinafter,

"Allegheny") filed an amended complaint seeking declaratory judgment (Counts I & II), and asserting claims of conversion (Count III), intentional interference with contractual relations (Count IV), and interference with coal interests (Count V) against Defendant J-W Operating Company (hereinafter, "J-W Operating" or "J-W").[1]  Am. Compl., Aug. 17, 2012, ECF No. 53 [hereinafter "Am. Compl."].  On August 31, 2012, J-W Operating answered and asserted counterclaims against Allegheny, including breach of warranty (counterclaim Count I), fraud (counterclaim Count II), and requests for declaratory judgment (counterclaim Count III) and counsel fees (counterclaim Count IV).  Answer & Countercl. ¶¶ 61–86, Aug. 31, 2012, ECF No. 54.

---

[1] Allegheny originally named Cohort Energy Company (hereinafter, "Cohort") as a defendant in this case, but Cohort merged with J-W Operating during the pendency of this litigation. On April 5, 2012, the Honorable Robert D. Mariani, who was then presiding over this matter, ordered the case style amended to "remove reference to Cohort" and held that "J-W Operating Company shall stand in the shoes of Cohort Energy Company to the extent of claims against Cohort Energy Company by Plaintiff and to the extent of counterclaims by Cohort Energy Company against Plaintiff." (ECF No. 48). Unless clarity requires the Court to refer to Cohort separately, the Court's use of "J-W Operating" should be interpreted to include Cohort.
    Furthermore, on September 11, 2014, the Court Granted J-W's Motion to Substitute Party, substituting Endeavour Operating Company ("Endeavour") for J-W, because Endeavor is J-W's successor in interest to the legal rights at issue in this case (ECF No. 103).  For the sake of clarity, "Defendant" as used in this opinion refers to both Endeavour and Endeavour's predecessors-in-interest when discussing the Parties' legal rights.

On January 25, 2013, Allegheny filed a Motion for Summary Judgment on Counts I and II (declaratory judgment), III (conversion), and V (interference with coal interests) of its Amended Complaint, as well as on J-W Operating's counterclaims I (breach of warranty) and II (fraud) (ECF No. 63). On January 28, 2013, J-W Operating filed a cross Motion for Summary Judgment on Allegheny's Counts I, II, III, and IV (intentional interference with contractual relations), and its own counterclaim Counts I, II, and III (declaratory judgment) (ECF No. 66).

On March 5, 2014, the Court issued a Memorandum and accompanying Order disposing of the cross motions for summary judgment (ECF Nos. 86, 87). The Court denied Allegheny's motion with respect to Counts I and II (concerning declaratory judgment), and Count III (conversion), but granted the motion as to Count V (regarding interference with coal interests) except for the amount of damages, if any. The Court granted J-W Operating's Motion for Summary Judgment regarding Allegheny's Counts I, II, III, and IV; denied as moot J-W Operating's own counterclaim Counts I (breach of warranty) and II (fraud); and granted its own counterclaim on Count III (declaratory judgment).

On August 22, 2014, J-W Operating filed a Motion to Substitute Party, pursuant to Federal Rule of Civil Procedure 25(c), stating that J-W transferred all of its right, title, and interest in the assets and leases at issue in this litigation to

Endeavour Operating Corporation ("Endeavour"). As Endeavour is now the true party-in-interest in this litigation, the Court granted the motion and substituted Endeavour for J-W Operating Company by Order dated September 11, 2014 (ECF No. 103).

The matter is now scheduled to proceed to trial on November 12 and 13, 2014, on the remaining count (Count V of Allegheny's Amended Complaint for damages for interference with its coal interests). In anticipation of that trial, Allegheny filed the pending Motion in Limine to assert three points. First, Allegheny seeks to prevent Endeavour from utilizing certain photos as an exhibit at trial. Second, Allegheny moves to exclude certain exploration and termination agreements as irrelevant. Third, Allegheny moves to exclude two potential Endeavour witnesses, but subsequently withdrew the motion as to one of the witnesses. The Court considers these issues *seriatim*.

**II. DISCUSSION**

    A.    <u>Defendant's Pictures Are Not Excluded</u>

Allegheny seeks to prevent a series of twenty-six (26) pictures that the Defendant anticipates introducing into evidence. The pictures purport to depict the Pardee Well, the oil and gas well at issue in this case, and the surrounding acreage and infrastructure. The photographs were taken during the week of August 25,

2014 and produced to Allegheny the following week on September 4, 2014.

Allegheny argues that the photographs should be excluded, because the Defendant violated several Federal Rules of Civil Procedure pertaining to discovery production and supplementation. The argument involves the intersection of several rules in operation and runs as follows.

Federal Rule of Civil Procedure 26(a)(1)(A) states:

A party must, without awaiting a discovery request, provide to the other parties: . . . (ii) a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

FED. R. CIV. P. 26(A)(1)(A).

Rule 26(e)(1) continues:

A party who has made a disclosure under rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response is incomplete or incorrect . . . .

FED. R. CIV. P. 26(e)(1).

On or about July 1, 2011, Allegheny served Defendant a first set of discovery requests, asking in pertinent part for "[a]ll documents which relate to the permitting construction, service, operation or maintenance, by you or any other person, firm or corporation, of the Pardee Well." Pl.'s Mot. Limine, ¶¶ 5–6, Sept. 9, 2014, ECF No. 101 [hereinafter Pl.'s Br.]. The request continued: "[t]he term

'Document' shall have the broadest meaning possible including, without limitation . . . photographic or other means." Id., ¶ 7.  Allegheny argues that the Defendant violated Rule 26, based upon Allegheny's request for production and the Defendant's failure to produce the photographs at issue until after the close of discovery, the resolution of dispositive motions, and only several weeks prior to trial.

Allegheny further asserts the appropriate response to the Defendant's conduct is the exclusion of these photographs in accordance with Rule 37.  The Rule provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c)(1).  "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless."  Klatch-Maynard v. Sugarloaf Twp., 3:06-CV-0845, 2011 WL 2006424, *2 (M.D. Pa. 2011) (Kane, J.) (internal quotations and citation omitted).

In this case, however, Endeavour has a substantial justification for producing the pictures on September 4, 2014, rather than on an earlier date.  The entire purpose of the photographs is to demonstrate the well's condition *at or near the*

*time of trial.* See Def.'s Br. Opp'n 4, Sept. 24, 2014, ECF No. 106 [hereinafter Def.'s Br.]. Therefore, taking the photographs the week of August 25, 2014, with trial scheduled in November 2014, achieves this goal with substantially more efficacy than photographs taken before the close of discovery. The Defendant did not produce the photographs prior to this time because *they did not exist*; they did not exist, because photographs taken substantially prior to this time would not serve the purpose that the photographs are being offered for—namely, to demonstrate the condition of the well and surrounding area near the time of trial.

Moreover, Endeavour produced the photographs considerably outside the requirement of thirty (30) days prior to trial as required by Rule 26(a)(3)(B). Nor is there a danger of surprise or prejudice with respect to these photographs—indeed, Allegheny could have examined the well at any point during this litigation and taken its own photographs, or the Court and Parties could make a visit to the well itself to view its condition at the time of trial as Endeavour suggests. Nevertheless, the photographs should suffice for the purposes that they are offered for, and the Court will not exclude them for these reasons.

    B.    <u>Exploration Agreement and Termination Agreement Are Potentially Relevant and Will Not Be Excluded at this Juncture</u>

Allegheny seeks to exclude an Exploration Agreement and a Termination Agreement, both involving transactions between Allegheny and Cohort, the

Defendant's predecessor. In the Exploration Agreement, Allegheny assigned its interest in the deep gas and oil rights of certain leases it held to Cohort. The Termination Agreement subsequently terminated the majority of the duties set forth in the Exploration Agreement.

These documents were the primary basis for Counts I and II of Allegheny's Amended Complaint, and Counts I, II and III of J-W's counterclaims, which have been dismissed. Because these documents do not directly pertain to the remaining claim that is the focus of this trial, Allegheny argues that they are irrelevant and should be excluded. See FED. R. EVID. 401; Pl.'s Br., at 6.

The Defendant counters that, while it does not plan to utilize the documents in direct examination of its witnesses, the two documents form the basis of the relationship among the Parties. Moreover, they were previously introduced on the record, cited by this Court, and established the Parties' respective legal rights to mine coal and extract oil and gas.

The Court denies the Plaintiff's motion on this point without prejudice. The Court would benefit from a fuller record on this issue before making a definitive determination on the relevancy of these documents in all contexts in which they may apply. Moreover, this case is proceeding to a bench trial, not trial before a jury, so there is no chance of prejudice or confusion as to the potential weight and

application of this evidence. Thus, the Plaintiff's motion is denied with respect to these documents at this time.

C. <u>Witnesses</u>

Allegheny moved to exclude potential Endeavour witnesses Jim Emme and Eric Kolstad, both of whom are officers of Endeavour. Allegheny subsequently moved to withdraw its Motion in Limine with respect to Emme, but still seeks to exclude Kolstad's testimony. Allegheny argues that the Defendant failed to timely disclose this witness as required by the Rules, and that Endeavour has no substantial justification nor is this failure harmless error. See FED. R. CIV. P. 26, 37; Pls.' Br., ¶¶ 33–36.

Allegheny asserts there is no substantial justification for J-W's failure to disclose the Endeavour Witnesses to Allegheny earlier in the litigation, because Endeavour had an interest in the Pardee Well as of March 30, 2010, at the latest, and assumed all of J-W's interest as of October 1, 2012. Nevertheless, J-W failed to disclose this witness until filing its pretrial materials on August 22, 2014. Because J-W knew or should have known by either of these dates that the Endeavour witness would be important to this litigation, Allegheny argues that J-W should have disclosed this witness in accordance with the Rules, but did not.

Further, Allegheny asserts that J-W's failure is not harmless, because it

9

effectively denied Allegheny the opportunity to depose or investigate this witness. Thus, Allegheny purports it is unaware of the substance of the witness' testimony and was prohibited from preparing a trial strategy in relation to this witness, resulting in prejudice.

The Defendant counters Plaintiff's arguments by asserting that it does not plan to call Kolstad during its case-in-chief, but rather solely as a rebuttal witness. Def.'s Br., at 7. Rule 26(a)(1)(A)(i) provides an exception to the disclosure of witnesses when "the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). The Defendant asserts that it will only call Kolstad as a rebuttal witness to the Plaintiff's fact witness(es) in this case.

Accordingly, the Court will not preclude the Defendant's use of this witness as a rebuttal witness at this juncture. Nevertheless, Kolstad is not permitted to testify in the Defendant's case in chief because he was not timely disclosed to the Plaintiff, and the Defendant did not demonstrate a substantial justification or that the error was harmless. See, e.g., FED. R. CIV. P. 26, 37; Murphy v. Magnolia Elec. Power Ass'n, 639 F.2d 232, 235 (5th Cir. 1981) (holding that it was reversible error to refuse to allow a rebuttal witness to testify).

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion in Limine is denied in part

and granted in part.  The Plaintiff's Motion to Withdraw Motion in Limine is granted.  An appropriate Order follows.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge